# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

TRACY L. NIGHSWONGER,            )
                                 )
            Plaintiff,           )
                                 )
v.                               )   Case No. CIV-15-389-RAW-KEW
                                 )
NANCY A. BERRYHILL, Acting       )
Commissioner of Social           )
Security Administration,         )
                                 )
            Defendant.           )

## REPORT AND RECOMMENDATION

Plaintiff Tracy L. Nighswonger (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and the case REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on November 1, 1976 and was 38 years old at the time of the ALJ's decision. Claimant obtained his GED. Claimant has worked in the past as a fork lift operator. Claimant alleges an inability to work beginning March 1, 2011 due to limitations resulting from bipolar disorder with anger issues, anxiety, and depression.

## Procedural History

On August 4, 2011, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On August 20, 2013, Administrative Law Judge Bernard Porter ("ALJ") conducted a hearing by video with Claimant appearing in Poteau, Oklahoma and the ALJ presiding in McAlester, Oklahoma. On October 1, 2013, the ALJ issued an unfavorable decision. On August 5, 2015, the Appeals Council denied review of the decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform medium work with limitations.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) rejecting the medical source statement co-authored by a treating counselor and physician; (2) failing to perform a proper credibility assessment; and (3) failing to fully and fairly develop the record.

4

**Consideration of the Medical Source Statement**

In his decision, the ALJ determined Claimant suffered from the severe impairments of migraine headaches, history of cervical and lumbar strain, anxiety disorder, major depressive disorder, episodic mood disorder, history of alcohol abuse in remission since 2008 by self-report. (Tr. 14). The ALJ concluded that Claimant retained the RFC to perform medium work. In so doing, he found Claimant could lift and/or carry 50 pounds occasionally and 25 pounds frequently, was able to stand or walk about six hours in an eight hour workday, and was able to sit for about six hours in an eight hour workday. The ALJ also determined Claimant could not work around unprotected heights or moving mechanical parts. He was also limited to simple tasks with simple work-related decisions. He could have only occasional contact with supervisors and co-workers and no contact with the general public. (Tr. 16).

After consulting with a vocational expert, the ALJ concluded Claimant could perform the representative jobs of hand packer, warehouse worker, and laundry worker, all of which were found to exist in sufficient numbers in both the regional and national economies. (Tr. 23). As a result, the ALJ found Claimant was not disabled from March 1, 2011 through the date of the decision. (Tr. 24).

Claimant contends the ALJ failed to properly evaluate the medical source statement dated March 1, 2012 provided by his counselor, Mr. Raymond Walker, LCSW and physician, Dr. Eric Broadway. These treating professionals concluded on a check off form that Claimant was "markedly limited" in the functional areas of the ability to carry out detailed instructions, ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances, ability to work in coordination with or proximity to others without being distracted by them, ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods, ability to interact appropriately with the general public, ability to ask simple questions or request assistance, ability to accept instructions and respond appropriately to criticism from supervisors, ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes, ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness, and ability to travel in unfamiliar places or use public transportation. (Tr. 295-96). In a narrative statement at the end of the statement, the professionals found "Clt is maladaptive when working around or with other (sic). Clt does not accept criticism of supervisors. Clt sometimes becomes

6

violent when criticized by others." (Tr. 297).

To the extent that Dr. Broadway's opinion is included with the counselor's opinion, he is considered a treating source. In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is

supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

The ALJ gave the opinion "little weight", attributing it exclusively to Mr. Walker. His basis for doing so was that Mr. Walker's name was not listed as the providers who conducted Claimant's individual psychotherapy and the degree of limitation Mr. Walker opined was far out of proportion with what the treatment notes indicated. The ALJ noted that the most recent treatment records indicate that Claimant does not become violent when he has

anger issues and that he has experienced improvement with treatment and reported "fairly full activities of daily living." (Tr. 20).

Claimant contends the ALJ erroneously found that Mr. Walker was the sole signatory to the statement and found that he was not listed as a provider of Claimant's individual psychotherapy. Defendant essentially admits both errors in the briefing but attempts to minimize the effect of them upon the ALJ's decision. These, however, form two of the bases for discounting the opinion which this Court cannot ignore. Claimant also points out that some of Mr. Walker's notes are not contained in the record from the Health and Wellness Clinic. The record contains some of Mr. Walker's notes. This omission may affect the ALJ's ultimate decision. Additionally, while the evidence of violence is not apparent, Claimant's anger issues are replete through the medical records with an erratic degree of success in treatment. The ALJ inappropriately minimized the affect of his anger in assessing this opinion. On remand, the ALJ should re-evaluate this opinion and consider Dr. Broadway's involvement and the treatment offered by Mr. Walker. The ALJ should also insure the medical record is complete with the totality of Mr. Walker's treatment notes.

**Credibility Determination**

Claimant also challenges the adequacy of the ALJ's credibility findings. Since the ALJ's decision in this matter, the Social Security Administration has revised its rulings on evaluating statements related to the intensity, persistence, and limiting effects of symptoms in disability claims - what heretofore has been known as "credibility" assessments. Soc. Sec. R. 16-3p, 2106 WL 1119029 (March 16, 2016), superceding Soc. Sec. R. 96-7p, 1996 WL 374186 (July 2, 1996). On remand, the ALJ shall apply the new guidelines under Soc. Sec. R. 16-3p in evaluating Claimant's testimony regarding "subjective symptoms".

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such

findings.

DATED this 13th day of March, 2017.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE